KENDALL v. HARDENBERGH et al.

(Circuit Court, S. D. New York. June 8, 1899.)

WILLS—JUDGMENT IN PROBATE SETTING ASIDE FUND FOR ANNUITIES—RES JUDICATA.

Where, under a will directing the executors, as trustees, to retain in their hands a sufficient amount of the property of the testatrix to produce certain annuities bequeathed by the will, the sole executor who qualified set aside for that purpose certain specific property, and his action in so doing was confirmed by a judgment of the surrogate's court in proceedings to which all persons in interest were parties, the right of the annuitants to be paid their annuities from the income of such property thereby became res judicata, as between all parties thereto; and they could not be deprived of such right by a decree of another court, in a suit to which they were not parties, directing the trustee to transfer a portion of such property to another fund for the benefit of other legatees.

On Final Hearing on Pleadings and Proofs.

Hamilton Wallace, for complainant.
Robert Thorne, for defendant De Forest.
Richard S. Emmet, for defendant New York Life Ins. & Trust Co.

LACOMBE, Circuit Judge. The complainant is an annuitant under a codicil to the last will and testament of Blandina B. Andrews, which codicil contained the provision:

"I direct that my executors retain a sufficient amount of my real and personal estate in their hands to produce the said annuities, or such portion thereof as shall at any time remain payable."

Mr. De Forest, the only executor who qualified, set aside two specific pieces of property as a proper and sufficient amount to retain for that purpose; and his action in so doing was confirmed by a judgment of the surrogate's court, which decreed that he might retain in his hands for such purpose these two pieces of property, "or such other investments as the said property may from time to time be converted into." To the proceeding in the surrogate's court all persons in any way interested were parties, and it has never been in any way modified or abrogated. Between the annuitants and all other parties thereto it is res adjudicata. No one disputes the proposition that the property so set apart, and the subsequent investments in which the proceeds of the parcel sold were placed, are, and always have been, abundantly sufficient to produce the annuities. The executor, as trustee, retained this property and these investments until some time in August, 1894, when he paid out part of the fund to

other beneficiaries under the will, and transferred to himself, as trustee for another and different fund created by the will, $33,000 more of said annuitants' fund. It appears that the executor (trustee) thus parted with so much of the annuitants' fund in compliance with a decree of the supreme court of the state of New York made in an action in which he asked leave to account and to have a new trustee substituted. Inasmuch, however, as none of the said annuitants were parties to such action, the decree was powerless to affect their rights. It appears, however, that the balance of the annuitants' fund turned over to the new trustee, plus the $33,000 thus improperly diverted to some other fund, and which is also in the hands of the new trustee, will be amply sufficient to produce the annuities. Therefore it will not be necessary to enter upon any discussion as the extent of liability of the executor (trustee) personally. A decree directing the new trustee to pay over to the annuitants the arrears of annuities unpaid, and to retain the entire fund originally set apart for the purpose of producing such annuities, or the proceeds of such fund in whatever subsequent investments it may now be placed, will afford abundant relief, and to such relief the complainant seems clearly entitled. Decree accordingly.